# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| ANDREW CONTASTI, ANNETTE CONTASTI and JOE HERNANDEZ, individuals,<br><br>Plaintiffs,<br>vs.<br>CITY OF SOLANA BEACH,<br><br>Defendant. | CASE NO. 09cv1371-WQH-BLM<br><br>ORDER |

HAYES, Judge:

  The matter before the Court is the Motion to the Amend Complaint, filed by Plaintiffs. (Doc. # 10).

**I. Background**

  On June 25, 2009, Plaintiffs initiated this action by filing the "Complaint for Damages [42 U.S.C. § 1983]" ("Complaint"). (Doc. # 1). The Complaint alleged that Defendant's denial of Plaintiffs' application for a building permit constituted a deprivation of Plaintiffs' rights to due process and equal protection under the Fourteenth Amendment to the United States Constitution, thereby violating 42 U.S.C. § 1983.

  On July 20, 2009, Defendant filed a Motion to Dismiss. (Doc. # 5).

  On November 11, 2009, the Court dismissed the Complaint for lack of subject matter jurisdiction. (Doc. # 9). The Court stated: "No later than thirty (30) days from the date of this Order, Plaintiffs may file a motion for leave to amend the Complaint, accompanied by a

1 proposed amended complaint." (Doc. # 9 at 8).

2 On December 8, 2009, Plaintiffs filed the Motion to Amend the Complaint and attached
3 a proposed amended complaint. (Doc. # 10).

4 On December 28, 2009, Defendant filed an opposition to the Motion to Amend. (Doc.
5 # 12). Defendant contends that the proposed amended complaint fails to allege that Plaintiffs'
6 claims are ripe pursuant to the standard stated in *Herrington v. County of Sonoma*, 857 F.2d
7 567 (9th Cir. 1988).

8 On January 4, 2010, Plaintiffs filed a reply brief in support of the Motion to Amend.
9 (Doc. # 13).

## II. Discussion

11 Rule 15 of the Federal Rules of Civil Procedure mandates that leave to amend "be freely
12 given when justice so requires." Fed. R. Civ. P. 15(a). "This policy is to be applied with
13 extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir.
14 2003) (quotation omitted). In *Foman v. Davis*, 371 U.S. 178 (1962), the Supreme Court
15 offered several factors for district courts to consider in deciding whether to grant a motion to
16 amend under Rule 15(a):

> In the absence of any apparent or declared reason–such as undue delay, bad faith
> or dilatory motive on the part of the movant, repeated failure to cure deficiencies
> by amendments previously allowed, undue prejudice to the opposing party by
> virtue of allowance of the amendment, futility of amendment, etc.–the leave
> sought should, as the rules require, be 'freely given.'

20 *Foman*, 371 U.S. at 182; *see also Smith v. Pac. Prop. Dev. Co.*, 358 F.3d 1097, 1101 (9th Cir.
21 2004) (citing *Forman* factors).

22 "Not all of the [*Foman*] factors merit equal weight. As this circuit and others have held,
23 it is the consideration of prejudice to the opposing party that carries the greatest weight."
24 *Eminence Capital*, 316 F.3d at 1052 (citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183,
25 185 (9th Cir. 1987)). "The party opposing amendment bears the burden of showing prejudice."
26 *DCD Programs*, 833 F.2d at 187. "Absent prejudice, or a strong showing of any of the
27 remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting
28 leave to amend." *Eminence Capital*, 316 F.3d at 1052.

"While some courts liken the futility inquiry with that of a motion to dismiss, most recognize that '[d]enial of leave to amend on [futility] ground[s] is rare.'" *Defazio v. Hollister, Inc.*, No. Civ. 04-1358, 2008 WL 2825045, at *2 (E.D. Cal., July 21, 2008) (quoting *Netbula v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003); citing, inter alia, *Big Bear Lodging Ass'n v. Snow Summit, Inc.*, 182 F.3d 1096, 1105 (9th Cir. 1999)). "Ordinarily, courts will defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed." *Netbula*, 212 F.R.D. at 539 (citation omitted).

Defendant does not contend that the proposed amended complaint would impose undue prejudice or that Plaintiffs have exhibited undue delay or bad faith. Defendant's sole argument against granting leave to amend is the futility of the amendment. "In view of Rule 15(a)'s permissive standard, courts ordinarily defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed." *Hynix Semiconductor Inc. v. Toshiba Corp.*, No. C-04-4708, 2006 WL 3093812, at *2 (N.D. Cal., Oct. 31, 2006) ("Hynix's arguments should be addressed in a motion to dismiss or for summary judgment, not in an opposition to the present motion for leave to amend."). After reviewing the proposed amended complaint, the Court finds that this procedure is appropriate in this case.

### III. Conclusion

IT IS HEREBY ORDERED that the Motion to Amend the Complaint is **GRANTED**. (Doc. # 10). No later than **fourteen (14) days** from the date this Order is filed, Plaintiffs shall file the proposed amended complaint which is attached to the Motion to Amend.

DATED: January 20, 2010

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge