Steven E. Boehmer, Esq. (#144817)
Robert C. Martinez, Esq. (#190713)
McDOUGAL LOVE ECKIS BOEHMER & FOLEY
8100 La Mesa Blvd., Suite 200
La Mesa, CA 91942
(619) 440-4444
(619) 440-4907 Fax

Attorneys for Defendant CITY OF SOLANA BEACH

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW CONTASTI; ANNETTE CONTASTI; and JOE HERNANDEZ, <br><br> Plaintiffs, <br><br> vs. <br><br> CITY OF SOLANA BEACH, <br><br> Defendant. | Case No.: 3:09-CV-01371 WQH (BLM) <br><br> **CITY OF SOLANA BEACH'S ANSWER TO FIRST AMENDED COMPLAINT** <br><br> Judge:   William Q. Hayes <br><br> Complaint Filed: June 25, 2009 |

Defendant CITY OF SOLANA BEACH ("City") hereby answers Plaintiffs' First Amended Complaint ("FAC") as follows:

1.     In response to paragraph 1 of the FAC, City states that no affirmative answer or denial is required.

2.     In response to paragraph 2 of the FAC, City states that no affirmative answer or denial is required.

3.     In response to paragraph 3 of the FAC, City admits the allegations contained therein.

/ / /

1

**FIRST CLAIM FOR RELIEF**

4.      In response to paragraph 4 of the FAC, City admits that Plaintiffs are residents of San Diego County, but denies that Plaintiffs own any real property located at 360 North Granados Avenue, Solana Beach, California.

5.      In response to paragraph 5 of the FAC, City admits the allegations contained therein.

6.      In response to paragraph 6 of the FAC, City admits that Plaintiffs purchased the subject real property in 2007, but is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in the remainder of said paragraph, and on that basis denies each and every allegation contained therein.

7.      In response to paragraph 7 of the FAC, City admits that it regulates residential development, but is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in the remainder of said paragraph, and on that basis denies each and every allegation contained therein.

8.      In response to paragraph 8 of the FAC, City admits that the Solana Beach Municipal Code provides regulations for residential development, but is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in the remainder of said paragraph, and on that basis denies each and every allegation contained therein.

9.      In response to paragraph 9 of the FAC, City is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

10.      In response to paragraph 10 of the FAC, City is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

11.      In response to paragraph 11 of the FAC, City admits that Plaintiffs purchased the subject real property for approximately $1.7 million and that Plaintiffs obtained a single

2

construction loan, but is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in the remainder of said paragraph, and on that basis denies each and every allegation contained therein.

12.    In response to paragraph 12 of the FAC, City is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

13.    In response to paragraph 13 of the FAC, City is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

14.    In response to paragraph 14 of the FAC, City is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

15.    In response to paragraph 15 of the FAC, City is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

16.    In response to paragraph 16 of the FAC, City admits that the allegations contained therein.

17.    In response to paragraph 17 of the FAC, City is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

18.    In response to paragraph 18 of the FAC, City admits the allegations contained therein.

19.    In response to paragraph 19 of the FAC, City admits the allegations contained therein.

20.    In response to paragraph 20 of the FAC, City admits the allegations contained therein.

///

3

21.     In response to paragraph 21 of the FAC, City is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

22.     In response to paragraph 22 of the FAC, City is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

23.     In response to paragraph 23 of the FAC, City is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

24.     In response to paragraph 24 of the FAC, City is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

25.     In response to paragraph 25 of the FAC, City admits the allegations contained therein.

26.     In response to paragraph 26 of the FAC, City admits the allegations contained therein.

27.     In response to paragraph 27 of the FAC, City is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

28.     In response to paragraph 28 of the FAC, City is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

29.     In response to paragraph 29 of the FAC, City denies the allegations contained therein.

30.     In response to paragraph 30 of the FAC, City denies the allegations contained therein.

/ / /

31. In response to paragraph 31 of the FAC, City denies the allegations contained therein.

32. In response to paragraph 32 of the FAC, City admits that the Solana Beach Municipal Code provides regulations for variances, but is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in the remainder of said paragraph, and on that basis denies each and every allegation contained therein.

33. In response to paragraph 33 of the FAC, City is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

34. In response to paragraph 34 of the FAC, City is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

35. In response to paragraph 35 of the FAC, City is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

36. In response to paragraph 36 of the FAC, City is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

37. In response to paragraph 37 of the FAC, City is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

38. In response to paragraph 38 of the FAC, City admits that it denied approval of the Development Review Permit and Structure Development Permit for Lot 10 in September 2007, but is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in the remainder of said paragraph, and on that basis denies each and every allegation contained therein.

/ / /

5

39.     In response to paragraph 39 of the FAC, City is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

40.     In response to paragraph 40 of the FAC, City is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

## SECOND CLAIM FOR RELIEF

41.     In response to paragraph 41 of the FAC, City states that no affirmative answer or denial is required.

42.     In response to paragraph 42 of the FAC, City denies the allegations contained therein.

43.     In response to paragraph 43 of the FAC, City admits that the allegations contained therein.

44.     In response to paragraph 44 of the FAC, City admits that the allegations contained therein.

45.     In response to paragraph 45 of the FAC, City admits that the allegations contained therein.

## AFFIRMATIVE DEFENSES

46.     City alleges that the FAC fails to state sufficient facts to constitute a cause of action.

47.     City alleges that Plaintiffs have failed to bring their action in a timely manner and have otherwise failed to maintain this action within the applicable statute of limitations period.

48.     City alleges that the acts complained of occurred within the scope of Defendant's official duties and Defendant had no knowledge that the alleged wrongful acts, if any, were illegal and/or unconstitutional nor were said alleged wrongful acts, if any, clearly violative of Plaintiffs' rights at the time they were committed.

/ / /

49.     City alleges that, at all times relevant hereto, Defendant acted in good faith, without malice, and upon a reasonable belief that its actions were justified.

50.     City alleges that Plaintiffs have failed to timely present claims pursuant to California Government Code sections 905, 910 and 915.

51.     City alleges that Plaintiffs' action is barred pursuant to the governmental immunities of California Government Code section 810 et seq., including, but not limited to, sections 818.8 and 820.2.

52.     City alleges that the injuries suffered by Plaintiffs, if any, were the actual and proximate result of Plaintiffs' own negligence, and that Defendant's liability, if any, is limited in direct proportion to the percentage of fault attributable to Plaintiffs.

53.     City alleges that the injuries suffered by Plaintiffs, if any were the actual and proximate result of the negligence or other conduct of parties, persons, corporations or entities other than Defendants, and that Defendant's liability, if any, is limited in direct proportion to the percentage of fault actually attributable to Defendant.

54.     City alleges that Plaintiffs failed to exercise reasonable care and diligence to avoid loss or to minimize damages and, therefore, they may not recover for losses which could have been prevented by reasonable efforts on their part, or by expenditures that might reasonably have been made.  Consequently, Plaintiffs' recovery, if any, should be reduced by their failure to mitigate, alter, reduce, or otherwise diminish his damages, if any.

55.     City alleges that Plaintiffs' FAC is barred by the doctrine of res judicata.

56.     City alleges that Plaintiffs' FAC is barred by the doctrine of collateral estoppel.

57.     City alleges that Plaintiffs' FAC is barred by the doctrine of assumption of risk.

58.     City alleges that Plaintiffs' FAC is barred by the doctrine of waiver.

59.     City alleges that Plaintiffs' FAC is barred insofar as Plaintiffs' claims are not ripe.

60.     City alleges that Plaintiffs' FAC is barred insofar as Plaintiffs' lack standing to pursue a claim under 42 U.S.C. section 1983.

/ / /

7

61.    City alleges that Plaintiffs' FAC is barred insofar as Plaintiffs' have failed to exhaust their state and/or administrative remedies.

62.    City alleges that the conduct of City and its agents and employees, in connection with all matters alleged in the FAC, was a valid exercise of its official, and done under the proper exercise of the police power.

63.    City alleges that the conduct of the City and its agents and employees, in connection with all matters alleged in the FAC, was the exercise of discretion legally vested in the City and its city council.

64.    City alleges that Plaintiffs have no legal right to the relief that they request.

65.    City alleges that Plaintiffs have not been damaged in any legally recognized way by any act or omission of City, or its agents and employees.

**WHEREFORE,** City prays as follows:

1.  That Plaintiffs takes nothing by their FAC;

2.  That Defendant is awarded its attorney fees and cost of suit;

3.  For such further relief as the Court deems proper; and,

4.  That the sole liability of Defendant, if any, be limited in proportion to the degree of fault attributable to this answering Defendant.


Dated:  September 14, 2010                    MCDOUGAL LOVE ECKIS BOEHMER
                                              & FOLEY


                                              By:  /s/ *Robert C. Martinez*
                                              Steven E. Boehmer
                                              Robert C. Martinez
                                              Attorneys for Defendant CITY OF SOLANA
                                              BEACH

8

1

## DEMAND FOR JURY TRIAL

2

CITY demands a jury trial as provided by Rule 38(a) of the Federal Rules of Civil

3   Procedure.

4

Dated:  September 14, 2010                    MCDOUGAL LOVE ECKIS BOEHMER

5                                                                       & FOLEY

6

7                                                          By:  /s/ Robert C. Martinez_____

Steven E. Boehmer

8                                                          Robert C. Martinez

Attorneys for Defendant CITY OF SOLANA

9                                                          BEACH

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

9

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

<u>**Contasti v. City of Solana Beach**</u>
**Case No. 09 CV 1371 WQH BLM**

**CERTIFICATE OF SERVICE**

I, the undersigned, say:  I am over 18 years of age, employed in the County of San Diego, California, in which the within-mentioned service occurred; and that I am not a party to the subject cause.  My business address is 460 North Magnolia, El Cajon, California 92020.

On September 14, 2010, I served the within documents:

• **CITY OF SOLANA BEACH'S ANSWER TO FIRST AMENDED COMPLAINT**

**( X )** **BY ELECTRONIC FILING**.  I caused all of the pages of the above-entitled document(s) to be electronically filed and served on designated recipients through the Electronic Case Filing system for the above-entitled case.  The file transmission was reported as successful and a copy of the Electronic Case Filing Receipt will be maintained with the original document(s) in our office.

(  )  BY U.S. MAIL.  I am familiar with this firm's practice of collection and processing correspondence for mailing with he U.S. Postal Service, and that said document(s) were deposited with the U.S. Postal Service this same day in the ordinary course of business to the addressee(s) as noted below.

Frederik A. Jacobsen, Esq.                                    Counsel for Plaintiffs
P.O. Box 2003
Menlo Park, CA 94026
Tel: (650) 483-2556 / Fax: (415) 373-1078
fredjacobsen@earthlink.net

I declare, under the penalty of perjury, under the laws of the United States of America, that the foregoing is true and correct.

Executed on September 14, 2010, at San Diego, California.

*s/ Robert C. Martinez*
Robert C. Martinez, Esq.
McDougal, Love, Eckis,
Boehmer &  Foley
8100 La Mesa Blvd., Suite 200
La Mesa, CA 91942
Tel: 619.440.4444Fax: 619.440.4907
Email: rmartinez@mclex.com

1