# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW CONTASTI, an individual;<br>ANNETTE CONTASTI, an individual;<br>JOE HERNANDEZ, an individual,<br><br>　　　　　　　　　　　　　Plaintiffs,<br>　vs.<br>CITY OF SOLANA BEACH,<br><br>　　　　　　　　　　　　　Defendant. | CASE NO. 09cv1371 WQH (BLM)<br><br>**ORDER** |

HAYES, Judge:

The matter before the Court is the Motion for Summary Judgment, or in the Alternative Summary Adjudication of Issues (ECF No. 32) filed by Defendant City of Solana Beach.

## I.    Undisputed Material Facts

Plaintiffs own two adjacent lots, Lots 9 and 10, located in the City of Solana Beach at 360 North Granados Avenue. Plaintiffs applied for development review permits and structure development permits to build homes on each lot. At a hearing on July 11, 2007, the City Council requested that Plaintiffs reduce the size of the home planned for Lot 9 by 230 square feet. Plaintiffs agreed to the reduction and submitted revised drawings after the hearing, which were approved by the City Council. At the same hearing, the City Council denied the permits for Lot 10. After the hearing, Plaintiffs submitted revised drawings which reduced the size of the home on Lot 10 by 258.25 square feet. At a hearing on September 19, 2007, the City Council denied Plaintiffs' proposed home on Lot 10.

The City Council issued City Resolution 2007-125 denying a development review permit and structure development permit for Lot 10, which states: "The proposed single-family residence is designed in a manner that is incompatible with other nearby residences because it is not compatible with existing or potential future single family development. Adverse effects upon neighboring properties have been identified from this development." (ECF No. 32-3 at 58). The Resolution also states: "The site layout and design of the proposed project do not visually and functionally enhance its intended use as a single-family residence because the bulk and scale of the proposed project is incompatible with nearby structures." *Id.* at 58-59.

On October 29, 2007, Plaintiffs Andrew Contasti and Joe Hernandez filed a petition for writ of mandate pursuant to California Code of Civil Procedure section 1085 and a complaint for damages alleging violations of the Fifth and Fourteenth Amendments pursuant to 42 U.S.C. § 1983 in the Superior Court of California, County of San Diego. On February 15, 2007, Plaintiffs Andrew Contasti and Joe Hernandez filed an amended petition for writ of mandate pursuant to California Code of Civil Procedure section 1085 and a complaint for damages alleging violations of due process rights and equal protection pursuant to 42 U.S.C. § 1983. On August 15, 2008, the state court issued an order denying the petition for writ of mandate pursuant to California Code of Civil Procedure section 1085 and sustaining a demurrer to Plaintiffs' claim for violation of equal protection pursuant to 42 U.S.C. § 1983. The order granted Plaintiffs twenty days to file an amended petition for writ of mandate or to amend the equal protection claim. On September 3, 2008, Plaintiffs Andrew Contasti, Annette Contasti, and Joe Hernandez filed a second amended complaint which asserted claims for inverse condemnation and violation of due process pursuant to 42 U.S.C. § 1983. The second amended complaint did not contain an amended petition for writ of mandate or an amended claim for violation of equal protection.

On January 28, 2010, Plaintiffs filed their First Amended Complaint ("FAC") in the Court which is the operative complaint in this case. (ECF No. 15). Plaintiffs assert two claims for relief. First, Plaintiffs assert that the City Council's denial of Plaintiffs' application for a

1 development review permit and structure development permit for Lot 10 was arbitrary and
2 unreasonable, constituting a deprivation of due process under the Fourteenth Amendment
3 violating 42 U.S.C. § 1983. Second, Plaintiffs assert that the City Council's denial of
4 Plaintiffs' application for a development review permit and structure development permit for
5 Lot 10 constituted a deprivation of equal protection under the Fourteenth Amendment violating
6 42 U.S.C. § 1983.

7 On April 29, 2011, a Motion for Summary Judgment, or in the Alternative Summary
8 Adjudication of Issues was filed by Defendant City of Solana Beach. (ECF No. 32). Plaintiffs
9 have not responded to the motion.

**II.   Discussion**

Summary judgment is appropriate under Rule 56 of the Federal Rules of Civil Procedure where the moving party demonstrates the absence of a genuine issue of material fact and entitlement to judgment as a matter of law. Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A fact is material when, under the governing substantive law, it could affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute over a material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

A party seeking summary judgment always bears the initial burden of establishing the absence of a genuine issue of material fact. *See Celotex*, 477 U.S. at 323. If the moving party satisfies its initial burden, the nonmoving party must "go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)). "Regardless of whether . . . [the nonmoving party] responded at all[] to [a] motion for summary judgment," a court may not grant summary judgment unless the moving party "affirmatively showed" that it is entitled to judgment as a matter of law. *Martinez v. Stanford*, 323 F.3d 1178, 1182 (9th Cir. 2003). In ruling on a motion for summary judgment, the Court must view all inferences drawn from the underlying facts in the light most favorable to the nonmoving party. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574,

587 (1986).

### A. Claim One - Deprivation of Due Process under the Fourteenth Amendment in Violation of 42 U.S.C. § 1983

Defendant contends that it is entitled to judgment as a matter of law on Plaintiffs' first claim for deprivation of due process under the Fourteenth Amendment, on the grounds that the claim is barred by the doctrines of res judicata and collateral estoppel. Defendant asserts that Plaintiffs failed to file a writ of mandate under California Code of Civil Procedure section 1094.5 challenging the administrative decision of the City Council and that the administrative decision is final.

California Code of Civil Procedure section 1094.5 provides:

> Where the writ is issued for the purpose of inquiring into the validity of any final administrative order or decision made as the result of a proceeding in which by law a hearing is required to be given, evidence is required to be taken, and discretion in the determination of facts is vested in the inferior tribunal, corporation, board, or officer, the case shall be heard by the court sitting without a jury.

Cal. Code Civ. P. § 1094.5(a). "[A] proceeding under Code of Civil Procedure section 1094.5 is the exclusive remedy for judicial review of the quasi-adjudicatory administrative action of the local-level agency...." *Briggs v. City of Rolling Hills Estates,* 40 Cal. App. 4th 637, 645 (1995) (describing quasi-adjudicatory administrative action as "an 'as applied' challenge to the development restrictions imposed by the administrative agency..."); *see also* Solana Beach Municipal Code section 17.68.040(A) (stating that development review permits "provide for the review of certain classes of development projects which ... require special discretionary consideration ...."). An administrative decision which does not involve the use of discretion but is merely ministerial may be challenged via a writ of mandate under California Code of Civil Procedure section 1085. *See Langsam v. City of Sausalito*, 190 Cal. App. 3d 871, 879-80 (1987) (noting that an agency action exercising merely quasi-legislative functions, including the non-discretionary application of existing law, is subject to review under ordinary mandamus procedures pursuant to Cal. Code Civ. P. § 1085).

In this case, the City Council denied a development review permit and structure development permit on Lot 10 and found: "The proposed single-family residence is designed

in a manner that is incompatible with other nearby residences because it is not compatible with existing or potential future single family development." (ECF No. 32-3 at 58). The City Council found: "Adverse effects upon neighboring properties have been identified from this development." *Id.* The City Council found: "The site layout and design of the proposed project do not visually and functionally enhance its intended use as a single-family residence because the bulk and scale of the proposed project is incompatible with nearby structures." *Id.* at 58-59. The Court finds that the City Council exercised discretion in issuing the resolution denying a development review permit and structure development permit on Lot 10. Accordingly, Plaintiffs were required to pursue a writ of mandate under California Code of Civil Procedure section 1094.5 to challenge the administrative decision. *See Briggs,* 40 Cal. App. 4th at 645.

Where a party fails to challenge an administrative agency's decision by pursuing a writ of mandate under California Code of Civil Procedure section 1094.5, the administrative agency's decision becomes final. *See Johnson v. City of Loma Linda*, 24 Cal. 4th 61, 70 (Cal. 2000) ("Exhaustion of judicial remedies ... is necessary to avoid giving binding 'effect to the administrative agency's decision, because that decision has achieved finality due to the aggrieved party's failure to pursue the exclusive judicial remedy for reviewing administrative action.'") (quoting *Briggs,* 40 Cal. App. 4th at 646). "[T]his rule ... is a form of res judicata, of giving collateral estoppel effect to the administrative agency's decision ....." *Briggs,* 40 Cal. App. 4th at 645-46 (quoting *Knickerbocker v. City of Stockton*, 199 Cal. App. 3d 235, 240-44 (1988)).

In this case, Plaintiffs failed to pursue a writ of mandate under California Code of Civil Procedure section 1094.5. The Court finds that the administrative decision of the City Council is final and is given collateral estoppel effect.

In *Miller v. County of Santa Cruz,* 39 F.3d 1030 (9th Cir. 1994), the Ninth Circuit found that three "fairness requirements" must be established before a prior administrative decision can bar a federal § 1983 claim: "(1) that the administrative agency act in a judicial capacity, (2) that the agency resolve disputed issues of fact properly before it, and (3) that the

1  parties have an adequate opportunity to litigate." *Id.* at 1033 (quoting *United States v. Utah Construction & Mining*, 384 U.S. 394, 422 (1966)). The Ninth Circuit stated that "a federal court should ordinarily give preclusive effect when the state court would do so ..." *Miller,* 39 F.3d at 1033.

In this case, the Court finds that the "fairness requirements" have been met on the grounds that the City Council acted in a judicial capacity, the City Council resolved disputed issues of fact properly before it, and Plaintiffs had an adequate opportunity to litigate in state court.

Defendant has carried its burden pursuant to Rule 56; therefore, Plaintiffs must "designate specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324. Plaintiffs did not file an opposition to the motion for summary judgment, despite an opportunity to do so. Plaintiffs have not shown that there are genuine issue for trial that precludes summary judgment. The Court concludes that the claim of deprivation of due process under the Fourteenth Amendment is barred.

**B.  Claim Two - Deprivation of Equal Protection Under the Fourteenth Amendment in Violation of 42 U.S.C. § 1983**

Defendant contends that it is entitled to judgment as a matter of law on Plaintiffs' second claim for deprivation of equal protection under the Fourteenth Amendment on the grounds that the claim has already been adjudicated in the state court action. Defendant asserts that a demurrer was sustained on this claim and that the Plaintiffs failed to amend. Defendant also contends that the equal protection claim fails as a matter of law on the grounds that Plaintiffs were not treated differently from similarly situated individuals and that there was a rational relationship between Defendant's decision and legitimate state interests.

In California state court, there is a judgment on the merits where a demurrer to a claim is sustained and the Plaintiff fails to amend within the time allowed. *Wells v. Marina City Properties, Inc.,* 29 Cal.3d 781, 785 (Cal. 1981) ("Since the defendant by his demurrer has admitted all the facts of the plaintiff's case, we see no reason why the judgment should not be regarded as a conclusive determination of the litigation on its merits....We held that the matter

having been submitted to the court, a plaintiff no longer had the right to dismiss without prejudice."); *see also Goldtree v. Spreckels*, 135 Cal. 666, 672 (Cal. 1902) ("When a general demurrer to a petition is sustained, and the plaintiff declines to amend, he practically confesses that he has alleged in his pleading every fact he is prepared to prove in support of his action. Therefore, in such a case, nothing remains to be done except to render judgment for the defendant."); *Franklin Capital Corp. v. Wilson*, 148 Cal. App. 4th 187, 201-03 (Cal. App. 2007) (explaining that a plaintiff does not have the right to dismiss a claim without prejudice after demurrer to a cause of action was sustained and the time to amend had run).

In this case, on February 15, 2007, Plaintiffs Andrew Contasti and Joe Hernandez filed an amended complaint in the Superior Court of California, County of San Diego which asserted a claim for violation of equal protection pursuant to 42 U.S.C. § 1983. An order dated August 15, 2008, sustained a demurrer to the claim for violation of equal protection. The order granted Plaintiffs twenty days to amend the claim. Plaintiffs Andrew Contasti, Annette Contasti, and Joe Hernandez filed a second amended complaint which did not contain a claim for violation of equal protection. The Court concludes that there was judgment on the merits in California state court on the claim for violation of equal protection pursuant to 42 U.S.C. § 1983. The Court finds that Defendant has carried its burden pursuant to Rule 56 and Plaintiffs have not shown that there are genuine issue for trial that precludes summary judgment. The Court concludes that the claim for deprivation of equal protection under the Fourteenth Amendment is barred.

**III. Conclusion**

IT IS HEREBY ORDERED that the Motion for Summary Judgment, or in the Alternative Summary Adjudication of Issues (ECF No. 32) filed by Defendant City of Solana Beach is GRANTED. The Clerk shall close the case.

DATED: July 26, 2011

**WILLIAM Q. HAYES**
United States District Judge