

Andrew Contasti
14811 Derringer Road
Poway, CA 92064
(858) 353-5024

December 15, 2011

United States District Court
Southern District of California
Judge William Q. Hayes
880 Front Street, Suite 4290
San Diego, CA 92101-8900

RE:   <u>Contasti v. City of Solana Beach</u>, Case No. 09cv1371 WQH (BLM)

Dear Judge Hayes:

I am writing to you in regards to the above-referenced case that you presided over in order to inform the Court of some important facts that were unknown to me and the other plaintiffs in this case. I am providing the Court with this information in hopes that you will re-open the case and allow the plaintiffs to respond to the motion for summary judgment which was presented by defendants, and ruled upon by the Court, with no opposition from the plaintiffs.

Attorney for plaintiffs, Frederick Jacobsen, has been stricken with a catastrophic illness and had not provided us with any notice of the motion for summary judgment and we were not aware at any time that the motion had been filed and subsequently ruled upon, resulting in a dismissal of our case. The last hearing and ruling of which we were aware was this Court's denial of defendant's motion to dismiss, on August 25, 2010. This motion appears to have dealt with some of the very same issues defendant's motion for summary judgment addressed, and, as such, I believe we had a viable opposition to defendant's motion had we submitted an opposition for the Court's consideration. However, due to Mr. Jacobsen's incapacitation and complete lack of office staff or associates, we were never made aware of the motion for summary judgment and, therefore, filed no opposition.

I was unaware of the procedures and time limits involved in prosecuting this matter, and have never been informed of the status of this case as it has proceeded through the system. The case has been many years in the making, so a lengthy time between contacts with Mr. Jacobsen was ordinary and normal. I, however, became concerned recently when I had been unable to contact Mr. Jacobsen for quite some time. I had left phone messages and sent emails to Mr. Jacobsen through May and June of this year, as had co-plaintiff Joe Hernandez, all of which went unanswered. After approximately six weeks of no response, Mr. Jacobsen finally did answer his phone at the number of (650) 483-2556, and informed me that he had been in the hospital for an extended period of time during which the doctors had been trying to stabilize his condition. He indicated that he had had a stroke due to inattention to his high blood pressure, his kidneys had failed and, as a result, his vision was now almost gone. He also informed me that he was on a dialysis machine and was now in need of dialysis every other day for an indefinite period. He stated that he had not had his phone while undergoing this treatment.

Mr. Jacobsen last dealt with matters in this case when he attended three depositions at the offices of McDougal, Love, Eckis, Boehmer & Foley, the firm that represents defendant City of Solana Beach. He

appeared to be in declining health at the time, but he did not inform me of any concerns regarding his health and he indicated the case was moving forward.

I have only been able to speak with Mr. Jacobsen one more time since he informed me of his health issues, and in that conversation I inquired about the status of my case. Mr. Jacobsen informed me that he thought things were fine but he would need to look into it soon. (This conversation took place, well after this Court's July 26, 2011 ruling granting defendant's motion for summary judgment.)

Due to Mr. Jacobsen's solo practice, with no staff or other associates, he had no one to inform him of the filing of defendant's motion for summary judgment or any other developments in this case, during his period of hospitalization and illness. My only means of contact with Mr. Jacobsen have been through his cell phone, P.O. Box, and email, all of which I have left numerous messages on. When we learned of Mr. Jacobsen's health, Mr. Hernandez and I began discussing the need for an attorney to assist Mr. Jacobsen, as we felt he would never be able to return to San Diego and endure court and dialysis treatment.

The need for a new attorney led me to an attorney who had, had a prior association with Mr. Jacobsen through a case they had worked on in front of the Supreme Court, Mr. Michael M. Berger. Mr. Berger confirmed to me that Mr. Jacobsen worked alone, without associates. In discussing the matter with Mr. Berger on December 13, 2011, I discovered that this Court had ruled on defendant's summary judgment motion and the matter had been disposed of in July, 2011.

I believe this case has merit and that the Court would have ruled in plaintiffs' favor on the motion for summary judgment had we been allowed the opportunity to submit an opposition to the motion. There are definitely triable issues of disputed facts in this case, as were touched upon in our opposition to defendant's motion to dismiss which was denied by this Court in August of 2010. It is my hope by sending the Court this letter that the Court will see that plaintiffs had no intention of abandoning this case and deserve their day in court, which has been deprived them due to Mr. Jacobsen's debilitating illness and lack of attention to this matter.

For the reasons stated above, I would respectfully request that this Court consider the unusual circumstances in this matter and re-open this case allowing sufficient time to find suitable council, acquire all needed documents, interview all, and review all material that would allow plaintiffs to submit an opposition to defendant's motion for summary judgment. Thank you for your consideration of this request.

For the court's information, I have contacted the California State Bar regarding Mr. Jacobsen's health and abandonment of my case; however, I have not filed a formal complaint against Mr. Jacobsen because I believe his failure to oppose the summary judgment motion was inadvertent and due to his serious health concerns. The State Bar suggested a referral agency to me.

Very truly yours,

Andrew & Annette Contasti
Joe Hernandez

cc: McDougal, Love, Eckis, Smith & Boehmer, Attorneys for City of Solana Beach