ORIGINAL

**RECEIVED**

JAN 2 4 2012

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                          DEPUTY

**FILED**

JAN 2 4 2012

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                          DEPUTY

1 **ANDREW CONTASTI**
**ANNETTE CONTASTI**
2 **JOE HERNANDEZ**
**14811 DERRINGER RD.**
3 **POWAY, CA 92064**
**(858) 353-45024**
4
Plaintiffs in pro se
5

6

7

8 **UNITED STATES DISTRICT COURT**

9 **SOUTHERN DISTRICT OF CALIFORNIA**

10

11

12 ANDREW CONTASTI, et al.,      Case No. 09-cv-01371-WQH-BLM

13        Plaintiff,      **PLAINTIFFS' NOTICE OF MOTION**
   v.      **FOR RELIEF FROM JUDGMENT**
       **[FRCP, Rule 60(b)]**
14 CITY OF SOLANA BEACH,

15           **Hon. William Q. Hayes**
          **Courtroom #4**
16          Defendants.    **DATE: 02/27/2012**
          **TIME:  11:00 A.M.**

17           **NO ORAL ARGUMENTS UNLESS**
          **REQUESTED BY THE COURT**
18

19

20      TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

21      PLEASE TAKE NOTICE that on February 27, 2012, at 11:00 A.M., in Department 4 of the

22 above-entitled Court, plaintiffs ANDREW CONTASTI, ANNETTE CONTASTI, and JOE

23 HERNANDEZ will move this Court for an Order relieving them from the judgment of dismissal

24 following defendant's Motion for Summary Judgment, on July 27, 2011.

25 Dated:     <u>January 23, 2012</u>

26

27                        ANDREW CONTASTI, Plaintiff in Pro Se

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1  **ANDREW CONTASTI**
   **ANNETTE CONTASTI**
2  **JOE HERNANDEZ**
   **14811 DERRINGER RD.**
3  **POWAY, CA 92064**
   **(858) 353-45024**
4
   Plaintiffs in pro se
5

6

7

8              UNITED STATES DISTRICT COURT

9              SOUTHERN DISTRICT OF CALIFORNIA

10

11
   ANDREW CONTASTI, et al.,              Case No.  09-cv-01371-WQH-BLM
12
              Plaintiff,                 **PLAINTIFFS' MOTION FOR RELIEF**
13        v.                             **FROM JUDGMENT [FRCP, Rule 60(b)]**

14 CITY OF SOLANA BEACH,                 **Hon. William Q. Hayes**
                                         **Courtroom #4**
15                                       **DATE: 02/27/2012**
              Defendants.                **TIME:  11:00 A.M.**
16
                                         **NO ORAL ARGUMENTS UNLESS**
17                                       **REQUESTED BY THE COURT**

18

19
          Plaintiffs herein hereby request an Order of this Court to grant them relief from the final
20
   judgment entered on July 27, 2011, granting defendant's motion for summary judgment and ordering
21
   the case closed.
22
          Plaintiffs herein seek relief from this Court pursuant to the provisions of Federal Rule of
23
   Civil Procedure, Rule 60(b), and specifically on subdivision (1) thereof, as set forth in the attached
24
   Memorandum of Points And Authorities in support of plaintiffs' motion.
25
   Dated:      January 23, 2012
26

27

28                                       ANDREW CONTASTI, Plaintiff in Pro Se

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

C:\Documents and Settings\TeamMember\Local Settings\Temporary Internet Files\Content.Outlook\0JA0M2AF\andys notice of motion.doc

PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT

2

1  **ANDREW CONTASTI**
   **ANNETTE CONTASTI**
2  **JOE HERNANDEZ**
   **14811 DERRINGER RD.**
3  **POWAY, CA 92064**
   **(858) 353-45024**
4
   Plaintiffs in pro se
5

6

7

8                    UNITED STATES DISTRICT COURT

9                  SOUTHERN DISTRICT OF CALIFORNIA

10

11
   ANDREW CONTASTI, et al.,                    Case No.  09-cv-01371-WQH-BLM
12
                    Plaintiff,                 **PLAINTIFFS' MEMORANDUM OF**
13            v.                               **POINTS AND AUTHORITIES IN**
                                               **SUPPORT OF MOTION FOR RELIEF**
14 CITY OF SOLANA BEACH,                       **FROM JUDGMENT [FRCP, Rule 60(b)]**

15                                             **Hon. William Q. Hayes**
                    Defendants.                **Courtroom #4**
16                                             **DATE:  02/27/2012**
                                               **TIME:   11:00 A.M.**
17
                                               **NO ORAL ARGUMENTS UNLESS**
18                                             **REQUESTED BY THE COURT**

19

20
       Plaintiffs herein hereby submit the following Memorandum of Points and Authorities in
21
   support of their Motion for Relief from Judgment.
22
                  **MEMORANDUM OF POINTS AND AUTHORITIES**
23
                                        **I**
24
          **BRIEF STATEMENT OF THE BASIS FOR THE MOTION**
25
       Plaintiffs have been involved in the instant litigation against the City of Solana Beach since
26
   2009.  Plaintiffs have at all times through the course of the litigation been represented by attorney
27
   Frederick Jacobsen, a sole practitioner.  Mr. Jacobsen has filed all of the documents in this matter
28
   and attended all of the hearings and other litigation-related matters in person.

1        In late April, 2011, plaintiffs' depositions were taken, and Mr. Jacobsen attended those

2    depositions.  Mr. Jacobsen left the San Diego area for the Bay Area, where his office is located, on

3    April 29, 2011.  On April 29, 2011, May 4, 2011, and May 11, 2011, plaintiff ANDREW

4    CONTASTI attempted to contact Mr. Jacobsen with questions regarding the case, but received no

5    response.  On May 17, 2011, CONTASTI contacted Mr. Jacobsen and was informed by Mr.

6    Jacobsen that he was in the hospital after having suffered a stroke.  On May 24, 2011, May 29, 2011,

7    May 31, 2011, June 10, 2011, and June 14, 2011, CONTASTI attempted to contact Mr. Jacobsen

8    with no response.  On June 30, 2011, CONTASTI received a phone call from Mr. Jacobsen

9    informing CONTASTI that he had almost died and was undergoing dialysis and was experiencing

10   extremely impaired vision.  When CONTASTI questioned Mr. Jacobsen about the status of the case,

11   CONTASTI was assured that everything was fine.  On July 17, 2011, CONTASTI contacted Mr.

12   Jacobsen about getting help to work on the litigation.  Mr. Jacobsen urged CONTASTI to wait, and

13   that everything was fine with the case at that time.  On August 15, 2011, CONTASTI left a message

14   for Mr. Jacobsen with no response.  On December 12, 2011, plaintiffs discovered the case had been

15   disposed of by an unopposed motion for summary judgment.  (See Declaration of Andrew Contasti,

16   served and filed herewith.)

17       Plaintiffs inquired whether defendant would agree to set aside the judgment herein and allow

18   plaintiffs to oppose the motion for summary judgment on the merits, on January 23, 2012.

19   Defendant would not agree to such a resolution of the matter and therefore plaintiffs bring this

20   motion.

21   **II**

22   **FRCP RULE 60(b) ALLOWS THIS COURT**
**TO SET ASIDE A FINAL JUDGMENT**

23

24       Plaintiffs bring this motion pursuant to the provisions of Federal Rules of Civil Procedure

25   Rule 60(b).  This section allows the Court to relieve a party from a final judgment, as was entered in

26   this matter, "on motion and just terms" and for "(1) mistake, inadvertence, surprise, or excusable

27   neglect[.]"  FRCP Rule 60(b)(1)  Plaintiffs, personally, were completely unaware that a motion for

1  summary judgment had been filed by defendant in this matter, until such time as they inadvertently

2  found out about it in December, 2011, five months after the case had been closed.  Plaintiffs'

3  attorney, Frederick Jacobsen, had never disclosed to plaintiffs that such motion had been filed, nor

4  the fact that due to Mr. Jacobsen's health issues, it would not be opposed.  Plaintiffs were

5

6  collectively taken by surprise that their case was closed.  And plaintiffs respectfully submit that Mr.

7  Jacobsen's failure to oppose the motion for summary judgment was due to excusable neglect on his

8  behalf.

9                                          **III**

10

11        **THE INSTANT CASE SHOULD BE
      DECIDED ON ITS MERITS AND NOT DUE
      TO EXCUSABLE FAILURE TO OPPOSE THE MOTION
      FOR SUMMARY JUDGMENT BY PLAINTIFFS**

12

13        This case can be compared for purposes of this motion to a case disposed of by a default

14  judgment.  "Rule 60(b)(1), the subsection here pertinent, grants district courts discretion to relieve a

15  party from a judgment or order for reason of 'mistake, inadvertence, surprise, or excusable

16  neglect,'… and guides the balance between the overriding judicial goal of deciding cases correctly,

17  on the basis of their legal and factual merits, with the interest of both litigants and the courts in the

18  finality of judgments."  TCI Group Life Insurance Plan v. Knoebber 244 F3d 691, citing from Pena

19  v. Seguros La Comerical, 770 F.2d811, 814 (9th Cir. 1985)  Plaintiffs respectfully request that the

20  court re-open this case by relieving them from the summary judgment ruling and allowing them to

21  oppose the summary judgment motion, thereby allowing the court to decide this case on its merits.

22  ///

23  ///

24  ///

25  ///

26

27

28

## IV

### THE CIRCUMSTANCES SURROUNDING THE CLOSING OF THIS CASE WARRANT THE GRANTING OF THIS MOTION TO RELIEVE THE PLAINTIFFS FROM THE FINAL JUDGMENT

The court in the case of <u>Bateman v. U.S. Postal Serv.</u>, F.3d 1220 (9th Cir. 2000) provided that the Court, in determining whether the neglect in opposing the motion herein was excusable, should examine "at least four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." <u>Bateman</u>, 231 F.3d at 1223-24 citing from <u>Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.,</u> 507 U.S. 380, 395 (1993). Plaintiffs respectfully submit that by re-opening their case herein, the only danger of prejudice is to plaintiffs. The only prejudice that defendant would suffer is delay in a final disposition of this matter. "Prejudice requires greater harm than simply that relief would delay resolution of the case." <u>TCI Group Life Ins. Plan v. Knoebber</u>, 244 F.3d 691, 701 (9th Cir. 2001).

The length of the delay by plaintiffs bringing this action once they found out that the case had been closed was very short, just over one month. Plaintiffs had no way of knowing that the case had been closed in July, 2011, which even then is six months ago. Rule 60(b) provides that "A motion under Rule 60(b) must be made within a reasonable time –and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." FRCP Rule 60(c)(1). Plaintiffs have brought their motion within the allowable, reasonable time period, and did not delay once they had the information that the case had been disposed of due to defendant's motion for summary judgment.

The reason for the delay has been outlined above, and was due to the plaintiffs' ignorance of the proceedings and their inability to communicate with their attorney due to his unfortunate health problems. Plaintiffs were diligent in their attempts to contact their attorney and were assured by him

4

when they did contact him that everything was fine with the case. Plaintiffs' attorney was apparently out of touch with the proceedings and misled the plaintiffs into believing that their case was still pending.

Plaintiffs bring this motion in good faith and in the sincere desire to continue to litigate their case on its merits and to be allowed the opportunity to oppose defendant's motion for summary judgment. Plaintiffs maintain a good faith belief, as well, that their case has merit and that they have a meritorious defense to defendant's motion for summary judgment, just as they provided a meritorious defense to defendant's earlier motion to dismiss in this Court. Plaintiffs have only been subject to excusable neglect herein, and do not bring this motion with any devious motive or intent.

Plaintiffs herein compare their case to the case decided in <u>Lemoge v. United States</u> 587 F.3d 1188 (9th Cir. 2009). In the <u>Lemoge</u> case, the movant's counsel was seriously ill and did not know of certain events in the case, causing the case to be dismissed. The court granted Mr. Lemoge relief from the final judgment of dismissal due to the excusable neglect demonstrated by the totality of the circumstances. Plaintiffs herein believe that there was no way that they could have avoided the circumstances that led to the dismissal of their action.

### V

### CONCLUSION

Plaintiffs respectfully request this Court to relieve them from the judgment of dismissal entered in this matter and closing their case on July 27, 2011 due to the surprise that such closure brought upon plaintiffs, who had no knowledge of the pendency of defendant's motion for summary judgment. Plaintiffs further request the court to find that their counsel's excusable neglect led to the motion going unopposed and the case was disposed of without being heard on the merits. Plaintiffs respectfully submit that no substantive prejudice will result to defendants if the case is re-opened and plaintiffs are allowed to oppose the motion for summary judgment on the merits; the length of the delay was reasonable in light of the fact that the plaintiffs only found out that the case had been

1   closed in December, 2011, after months of attempting to communicate with their attorney to no

2   avail; the reason for the delay was lack of communication and information from plaintiffs' attorney,

3   who was suffering from the effects of a stroke and other debilitating medical conditions; and

4   plaintiffs bring this motion in a good faith attempt to have their case litigated on the merits, and for

5   no other reason.

6

7

8   Dated:      January 23, 2012

9

10                                              ANDREW CONTASTI, Plaintiff in Pro Se

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  **ANDREW CONTASTI**
   **ANNETTE CONTASTI**
2  **JOE HERNANDEZ**
   **14811 DERRINGER RD.**
3  **POWAY, CA 92064**
   **(858) 353-45024**
4
   Plaintiffs in pro se
5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                   **SOUTHERN DISTRICT OF CALIFORNIA**

10

11
   ANDREW CONTASTI, et al.,                    Case No.  09-cv-01371-WQH-BLM
12
                    Plaintiff,                 **DECLARATION OF ANDREW**
13        v.                                   **CONTASTI IN SUPPORT OF**
                                               **PLAINTIFFS' MOTION FOR RELIEF**
14   CITY OF SOLANA BEACH,                     **FROM JUDGMENT [FRCP, Rule 60(b)]**

15                                             **Hon. William Q. Hayes**
                    Defendants.                **Courtroom #4**
16                                             **DATE:  02/27/2012**
                                               **TIME:  11:00 A.M.**
17
                                               **NO ORAL ARGUMENTS UNLESS**
18                                             **REQUESTED BY THE COURT**

19

20
        I, ANDREW CONTASTI, declare as follows:
21
        1.   I am one of the plaintiffs herein and make this declaration of my own personal
22
   knowledge, except as to those matters stated herein on my information and belief, and as to such
23
   matters, I believe the same to be true.  If called to testify, I could and would competently attest to the
24
   matters stated herein.
25
        2.   On April 26, 2011, my deposition was taken in this matter.  I was represented by my
26
   attorney, who has been my attorney in this matter from its inception in 2009, Mr. Frederick
27
   Jacobsen.
28

1    3. On April 29, 2011, Mr. Jacobsen left the San Diego area and returned to the Bay Area,

2  where his office is located.

3    4. On April 29, 2011, May 4, 2011, and May 11, 2011, I left messages for Mr. Jacobsen, to

4  which I received no response.

5    5. On May 17, 2011, I telephoned Mr. Jacobsen and he answered saying that he was in the

6  hospital after suffering from a stroke.

7    6. On May 24, 2011, I left a voice mail message and a text message for Mr. Jacobsen, asking

8  him to contact me. He did not respond to either of these messages. I again left messages on May 29,

9  2011, May 31, 2011, June, 10, 2011, and June 14, 2011, and received no response from Mr.

10  Jacobsen to any of these messages.

11    7. On June 30, 2011, Mr. Jacobsen called me and told me that he was on dialysis and

12  suffered from severe vision impairment.

13    8. On July 17, 2011, I spoke with Mr. Jacobsen who informed me he was still suffering from

14  extremely poor health. I asked him about the case and getting someone to help him, and he urged

15  me to wait and told me everything was fine with the case.

16    9. On August 15, 2011, I left a message for Mr. Jacobsen and received no response.

17    10. On December 12, 2011, I discovered that the case had been closed. At no time had I

18  ever been made aware of the pendency of defendant's motion for summary judgment or the fact that

19  no opposition  had been filed on my behalf thereto.

20    11. I brought this motion for the case to be re-opened as soon as I could after finding out that

21  the case had been closed, a little over a month ago.

22    12. It is my belief that no prejudice will result to defendant if plaintiffs are given the chance

23  to oppose the motion for summary judgment on its merits, as we opposed their previously filed

24  motion to dismiss in this Court.

25    13. I and co-plaintiffs bring this motion in good faith with no other motive but to re-open

26  this case and have it decided on its merits and not due to the excusable circumstances that led to its

27  closure, to our surprise.

28

1        14.  I am bringing this motion on behalf of myself and plaintiffs Annette Contasti and Joe

2  Hernandez, in pro se, due to the fact that Mr. Jacobsen is incapacitated and cannot prepare this

3  motion nor sign a substitution of attorney form at this time.

4        I declare under penalty of perjury under the laws of the State of California that the foregoing

5  is true and correct and that this declaration was executed this 23rd day of January, 2012, at Poway,

6  California.

7  Dated:     January 23, 2012

8

9                        ANDREW CONTASTI, Plaintiff in Pro Se

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Contasti v. City of Solana Beach
Case No. 3:09-cv-01371-WQH-BLM

<strong>PROOF OF SERVICE BY MAIL</strong>

I, _Thomas Tarantino_ , declare as follows:

      I am over 18 years of age and not a party to this action; My address is _11782 Mira Lago Way SD. CA 92131_ .

      On January _24_ , 2012, I served the document(s) described as:

1. **PLAINTIFFS' NOTICE OF MOTION FOR RELIEF FROM JUDGMENT [FRCP RULE 60(b)];**

2. **PLAINTIFFS' MOTION FOR RELIEF FROM JUDGMENT [FRCP Rule 60(b)];**

3. **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR RELIEF FROM JUDGMENT [FRCP RULE 60(b)];**

4. **DECLARATION OF ANDREW CONTASTI IN SUPPORT OF PLAINTIFFS' MOTION FOR RELIEF FROM JUDGMENT [FRCP RULE 60(b)]**

on the interested parties in this action as listed below:

**BY MAIL:**

☒    As follows:  I am "readily familiar" with the firm's practice for collection and processing of correspondence for mailing with the United States Postal Service; and that the correspondence shall be deposited with the United States Postal Service this same day in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☒    (State)  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed on January _24_ , 2012, at San Diego, California.

Thomas Tarantino

1

2

3   <u>Contasti v. City of Solana Beach</u>
    Case No. 3:09-cv-01371-WQH-BLM

4

    **PROOF OF SERVICE BY MAIL**

5

6   *Attorney for Defendant CITY*        McDougal, Love, Eckis, Smith & Boehmer
    *OF SOLANA BEACH*                    8100 La Mesa Blvd., Ste. 200

7                                        La Mesa, CA 91942

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28