Steven E. Boehmer (#144817)
Robert C. Martinez (#190713)
McDOUGAL, LOVE, ECKIS
BOEHMER & FOLEY
8100 La Mesa Blvd., Suite 200
La Mesa, CA 91942
Tel: (619) 440-4444
Fax: (619) 440-4907

Attorneys for Defendant City of Solana Beach

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW CONTASTI, ANNETTE CONTASTI, and JOE HERNANDEZ, individuals, <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF SOLANA BEACH, <br><br> Defendant. | CASE NO: 09 CV 1371 WQH BLM <br><br> **AMENDED CITY OF SOLANA BEACH'S OPPOSITION TO ANDREW CONTASTI'S MOTION FOR RELIEF FROM JUDGMENT** <br><br> Date: February 27, 2012 <br> Time: 11:00 a.m. <br><br> The Honorable William Q. Hayes <br> Courtroom 4 |

Defendant CITY OF SOLANA BEACH ("City") hereby submits the following opposition to ANDREW CONTASTI's motion for relief from judgment. (As a preliminary matter, ANDREW CONTASTI appears in pro se for himself only; therefore, neither plaintiff ANNETTE CONTASTI nor plaintiff JOE HERNANDEZ have made similar motions.)

## I.

## INTRODUCTION

### A.     The State Court Actions.

On October 29, 2007, plaintiffs Andrew Contasti, Annette Contasti and Joe Hernandez, filed a Petition for Writ of Mandate and Complaint for Damages in the Superior Court of the State of California, County of San Diego, North County Division, Case No. 37-2007-00057615-CU-OR-NC. (See Defendant's Separate Statement of Uncontroverted Material Facts and Conclusions of Law in

support of its Motion for Summary Judgment filed on April 29, 2011 ("Separate Statement"), ¶ 1; See Defendant's Request for Judicial Notice in support of its Motion for Summary Judgment filed on April 29, 2011 ("RJN"), Ex. A.) The Superior Court petition/complaint contained a cause of action for writ of mandate under California Code of Civil Procedure section 1085 and for Violation of Civil Rights under 42 U.S.C. § 1983. (*Ibid.*) On February 15, 2008, plaintiffs filed an amended petition/complaint alleging causes of action for: (1) Writ of Mandate; (2) Inverse Condemnation; (3) Due Process; and (4) Equal Protection. (Separate Statement, ¶ 2; RJN, Ex. B.) The City filed a demurrer to plaintiffs' amended Complaint. The Court granted the demurrer as to the fourth cause of action for violation of Federal Civil Rights under 42 U.S.C. § 1983 (Equal Protection) finding that the plaintiffs had failed to allege a required element of that cause of action. Specifically, the Court found that plaintiffs failed to allege they had been treated differently than other people in similar situations. (Separate Statement, ¶ 3; RJN, Ex. C.) The plaintiffs were granted twenty days leave to amend. (*Ibid.*)

On September 3, 2008, plaintiffs filed a second amended Complaint, **which did not include a writ of mandate and did not amend the equal protection cause of action portion in their complaint**. (Separate Statement, ¶ 4; RJN, Ex. D.) On April 3, 2009, plaintiffs filed a request for dismissal, without prejudice, as to the entire State Complaint. (Separate Statement, ¶ 5; RJN, Ex. E.) On June 9, 2009, a Judgment of dismissal of the entire complaint was entered by the Superior Court. (Separate Statement, ¶ 6; RJN, Ex. F.) An amended judgment of dismissal was entered by the court on July 10, 2009, dismissing the entire action and awarding costs of suit to the City. (Separate Statement, ¶ 7; RJN, Ex. G.)

**B.     The Federal Court Action.**

On June 25, 2009, plaintiffs filed a complaint against the City in this Court based upon the identical facts contained in their state Complaint. On November 10, 2009, this Court dismissed the complaint pursuant to Rule 12(b)(1) and granted leave to amend. Plaintiffs' First Amended Complaint ("FAC") was filed on January 28, 2010.

///

On April 29, 2011, the City filed a Motion for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Plaintiffs filed no opposition to the City's motion. On July 26, 2011,

this Court granted the City's Motion for Summary Judgment. On July 27, 2011, Judgment was entered for the City against plaintiffs. On August 22, the City was awarded $1,179.87 in costs against plaintiffs. On January 24, 2012, plaintiff ANDREW CONTASTI <u>only</u> filed a motion under Rule 60(b) to be relieved of the Judgment entered against him.

## II.

## PLAINTIFF'S COUNSEL WAS AVAILABLE TO OPPOSE THE CITY'S MOTION FOR SUMMARY JUDGMENT

The hearing date on the City's motion was June 17, 2011. Therefore, Plaintiff's response was due on or before June 3, 2011. (Civil Local Rule 7.1.e.2.) At that time, plaintiff was represented by attorney Fredrik Jacobsen. On June 30, 2011, and on July 17, 2011, plaintiff spoke with Mr. Jacobsen and was informed that Mr. Jacobsen was handling matters. (See Declaration of Andrew Contasti in support of plaintiff's motion, ¶¶ 7 & 8.) **By Mr. Jacobsen's own declaration, he did not become unavailable until July 4, 2011.** (See Declaration of Frederik A. Jaconsen in support of motion to vacate filed in the *Siegelman v. County of Santa Barbara* matter, USDC Case No. CV-09-8993 DSF (CWX), attached hereto as Exhibit A, ¶3.) In addition, Mr. Jacobsen was in his office on July 21, 2011. (See Declaration of Jordan Sheinbaum in support of the County of Santa Barbara's opposition to the motion to vacate filed in the *Siegelman v. County of Santa Barbara* matter, USDC Case No. CV-09-8993 DSF (CWX), attached hereto as Exhibit B, ¶ 3.) Therefore, Mr. Jacobsen was available to oppose the City's motion in this matter on or before June 3, 2011.[1] "Neither ignorance nor carelessness on the part of the litigant or his attorney provide grounds for relief under Rule 60(b)(1)." (*Ben Sager Chemicals International v. E. Targosz & Co.*, 560 F.2d 805, 809 (7th Cir.1977).)

///

## III.

## PLAINTIFF'S CLAIMS HAVE BEEN ADJUDICATED ON THE MERITS

---

[1] The City objects to Mr. Contasti's declaration regarding Mr. Jacobsen's health (¶¶ 5 & 7) on the grounds of they lack foundation and are hearsay. In addition, Mr. Jaconsen's September 1, 2011, declaration in the *Siegelman v. County of Santa Barbara* matter is inconsistent with Mr. Contasti's declaration.

"There is a compelling interest in the finality of judgments which should not be lightly disregarded." (*Pena v. Seguros La Comercial, S.A.*, 770 F.2d 811, 814 (9th Cir. 1985.)) In addition, in order to vacate a judgment under Rule 60(b), the Court must make a determination that plaintiff has a meritorious defense to the City's Motion for Summary Judgment. As discussed below, plaintiff has no defense. (*Ibid.*) "It is well established that Rule 60(b) requires the movant to demonstrate that he possesses a meritorious cause of action. [Citations.]" (*Pease v. Pakhoed Corp.*, 980 F.2d 995, 998 (5th Cir. 1993).)

> "[A] movant, in order to set aside a judgment, need not establish that it possesses an ironclad claim or defense which will guarantee success at trial, it must at least establish that it possesses a potentially meritorious claim or defense which, if proven, will bring success in its wake."

(*Teamsters, Chauffeurs, Warehousemen and Helpers Union, Local No. 59 v. Superline Transportation Company, Inc.*, 953 F.2d 17, 21 (1st Cir. 1992.).)

The record before this Court demonstrates that plaintiff's claims are without merit.

**A.    Claim for Substantive Due Process.**

Plaintiff alleges that the City's denial of his development review permit ("DRP") for Lot 10 was arbitrary and unreasonable, constituting a deprivation of his right to substantive due process under the Fourteenth Amendment of the United States Constitution, and thereby violating 42 U.S.C. § 1983. The City's Motion for Summary Judgment was based on the grounds that plaintiff failed to exhaust his administrative remedies: "**because plaintiffs failed to file a writ of mandate under California Code of Civil Procedure section 1094.5, their federal Civil Rights complaint is barred as a matter of law.**" (*Briggs v. City of Rolling Hills Estates*, 40 Cal.App.4th 637 (1996).) (See Defendant's Motion for Summary Judgment filed on April 29, 2011 ("MSJ"), 5:13-15.) This Court agreed:

> "In this case, Plaintiffs failed to pursue a writ of mandate under California Code of Civil Procedure section 1094.5. The Court finds that the administrative decision of the City Council is final and given collateral estoppel effect."

(See Court Order, July 26, 2011, 5:22-24.)

It is indisputable that plaintiff failed to file a writ in state court. (See Court Order, July 26, 2011, 5:9-10.) Plaintiff's subject motion sets forth no facts or evidence that would change the

Judgment, and there are no facts or arguments that plaintiff could raise or introduce that he did file the appropriate writ. Therefore, granting plaintiff leave to file an opposition to the City's Motion for Summary Judgment would be futile. "Under all the provisions of Rule 60(b), a threshold condition for granting the relief is that the movant demonstrate that granting that relief will not in the end have been a futile gesture, by showing that she has a meritorious defense or claim." (*Boyd v. Bulala*, 905 F.2d 764, 769 (4th Cir. 1990).)

### B. Equal Protection Claim.

Plaintiff alleges that the City's denial of his DRP for Lot 10 constituted a deprivation of his right to equal protection under the Fourteenth Amendment of the United States Constitution, and thereby violating 42 U.S.C. § 1983. The City's Motion for Summary Judgment was based on the grounds that this issue was adjudicated on its merits in the state court action. (See MSJ, 7:17 – 8:10.) Again, this Court agreed:

> "The Court concludes that there was judgment on the merits in California state court on the claim for violation of equal protection pursuant to 42 U.S.C. § 1983."

(See Court Order, July 26, 2011, 7:15-17.)

In it undisputed that at the state court level plaintiff failed to amend his complaint and add a cause of action for violation of equal protection after the City's demurrer was sustained. (See Court Order, July 26, 2011, 2:23-25.) Again, there are no facts or arguments that plaintiff could raise or introduce that he did include a cause of action for violation of equal protection in his amended complaint at the state court level. Therefore, granting plaintiff leave to file an opposition to the City's Motion for Summary Judgment would be equally futile.

### IV.

### CONCLUSION

The court in *Compton v. Alton S.S. Co., Inc.*, 606 F.2d 96, 102 (4th Cir. 1979) stated: "The remedy provided by the Rule [60(b)], however, is extraordinary and is only to be invoked upon a showing of exceptional circumstances." There has not been a showing of exceptional circumstances in this case. Furthermore, it appears that plaintiff's counsel was competent and was working in his office well past the deadline for plaintiff's opposition to the City's Motion for Summary Judgment. Moreover,

as this Court articulated in its Judgment, plaintiff's claims are without merit. For these reasons, the City requests that the Court deny plaintiff's motion for relief from judgment.

Dated: February 10, 2012

McDOUGAL, LOVE, ECKIS
BOEHMER & FOLEY

By: _/s/ Robert C. Martinez_
Steven E. Boehmer
Robert C. Martinez
Attorneys for Defendant City of Solana Beach

# Exhibit A

1  Frederik A. Jacobsen SBN 71330
   LAW OFFICES OF FREDERIK A. JACOBSEN
2  P. O. Box 2003
   Menlo Park, California 94026
3  Telephone: (650) 483-2556
   E-mail: fredjacobsen@earthlink.net
4
   Attorney for Plaintiff
5

6

7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10

11
   DIANE NATHAN SIEGELMAN, as           NO. CV 09-08993-DSF (CWx)
12 trustee for the Diane Nathan
   Siegelman Living Trust,              DECLARATION OF FREDERIK A.
13                                 )    JACOBSEN IN SUPPORT OF
                                   )    MOTION TO VACATE
          Plaintiff,               )
14                                 )
                                   )
15 v.                              )
                                   )
16 COUNTY OF SANTA BARBARA,        )
                                   )
17        Defendant.               )
                                   )
18 _____  )

19

20

21

22
   I, Frederik A. Jacobsen, declare as follows:
23
        1. I am counsel for the plaintiff in the captioned matter.
24
        2. I am informed that the Court entered a judgment against my client for failing to
25
   respond to the County's Motion for Summary Judgment. This declaration is submitted in
26
   support of plaintiff's application to set aside that default judgment.
27

28
   ─────────────────────────────────────────────
        DECLARATION OF FREDERIK A. JACOBSEN IN SUPPORT OF MOTION TO VACATE
                                    -1-

    3. On July 4, 2011, I collapsed in a local Starbuck's coffee shop. There were fortunately several county sheriffs having coffee at the time, approximately 6:30 a.m. They summoned an ambulance, and I was taken to San Mateo County Hospital.

    4. Upon my admittance, it was discovered that my blood pressure was 235/190 (normal blood pressure is approximately 130/90).

    5. I was hospitalized for several weeks. While in the hospital, I had a blood sample taken daily. Approximately one week after admittance to the hospital, I was told by doctors supervising my case that my kidneys had failed, and that kidney dialysis would begin immediately. I have been undergoing dialysis for three hours a day every other day since that time.

    6. The doctors also commissioned a CT scan of my brain. That CT scan revealed permanent brain damage due to the corrosive and cumulative effect of my high blood pressure. The effect of that high blood pressure has manifested itself in permanent damage to my optic nerve and inability to synthesize and organize my thought processes. As a result of the damage to the optic nerve, I am now legally blind and unable to read. My driving privileges have been revoked. I have had to move to San Francisco to be close to public transportation and my in laws who are providing caretaker services under the supervision of my former wife. Let me add that I am very fortunate to have such caring people surround me.

    7. My present disabilities are permanent and incurable. My client should not be penalized for my unfortunate circumstances. Her claim deserves to be considered on the merits, something I am unable to accomplish.

    8. I declare under penalty of perjury that the foregoing is true and correct.

1 | Executed this first day of September, 2011 at San Francisco, CA.

_____
Frederik A. Jacobsen
Attorney for Plaintiff

DECLARATION OF FREDERIK A. JACOBSEN IN SUPPORT OF MOTION TO VACATE

-3-

# CERTIFICATE OF SERVICE

I am a citizen of the United States, over the age of 18 years, employed in the County of San Mateo, and not a party to the within action; my business address is P. O. Box 2003, Menlo Park, California 94026.

On September 1, 2011, I served the within:

**DECLARATION OF FREDERIK A. JACOBSEN IN SUPPORT OF MOTION TO VACATE**

on the parties in said action, by U.S. postal serice to the person(s) indicated below:

Lisa Rothstein
Deputy County Counsel
County of Santa Barbara
105 E. Anapamu St., Suite 201
Santa Barbara, California 93101

I declare under penalty of perjury that the foregoing is true and correct. Executed on September 1, 2011, at Menlo Park, California.

_____
Frederik A. Jacobsen

# Exhibit B

## DECLARATION OF JORDAN SHEINBAUM

1. I am an attorney at law, duly licensed to practice in the State of California, and a Deputy County Counsel in the Office of County Counsel for the County of Santa Barbara, attorneys for Defendant County of Santa Barbara (County). I have personal knowledge of all of the matters discussed in this declaration, and if called, could testify to the matters set forth below based on my personal knowledge.

2. I am not the attorney of record in the above-captioned matter however I have met Frederik Jacobsen on multiple occasions. He has served as opposing counsel in previous matters in which I have represented the County. We have met in person twice and spoken on the phone at least ten times.

3. On the afternoon of Thursday, July 21, 2011, I telephoned Mr. Jacobsen's office at 650-483-2556 and Mr. Jacobsen answered the phone. The voice was clearly live and not a recorded message and I had no doubt, based on past telephone conversations with him, that the person who answered was Mr. Jacobsen.

I declare under penalty of perjury pursuant to 28 U.S.C. section 1746 that the foregoing is true and correct and was executed on September 21, 2011, in Santa Barbara, California.

_____
Jordan Sheinbaum

COUNTY COUNSEL
County of Santa Barbara
105 East Anapamu Street
Santa Barbara, CA 93101
(805) 568-2950

COUNTY'S RESPONSE TO APPLICATION TO SET ASIDE DEFAULT; SUPPORTING DECLARATIONS
7.