# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW CONTASTI, an individual; ANNETTE CONTASTI, an individual; JOE HERNANDEZ, an individual, <br><br> Plaintiffs, <br> vs. <br> CITY OF SOLANA BEACH, <br><br> Defendant. | CASE NO. 09cv1371 WQH (BLM) <br><br> ORDER |

HAYES, Judge:

The matter before the Court is the Motion for Relief from Judgment pursuant to Federal Rule of Civil Procedure 60(b) (ECF No. 45) filed by Plaintiff Andrew Contasti.

**I.  Background**

On June 25, 2009, Plaintiffs Andrew Contasti, Annette Contasti, and Joe Hernandez, represented by counsel, initiated this action by filing the Complaint. (ECF No. 1). On November 11, 2009, the Court dismissed the Complaint for lack of subject matter jurisdiction. (ECF No. 9).

On January 20, 2010, the Court granted Plaintiffs' Motion for Leave to File an Amended Complaint. (ECF No. 14). On January 28, 2010, Plaintiffs filed their First Amended Complaint asserting claims for violation of due process and equal protection. (ECF No. 15).

On February 12, 2010, Defendant City of Solana Beach filed a Motion to Dismiss the First Amended Complaint. (ECF No. 17). On August 25, 2010, the Court denied the Motion

1 | to Dismiss the First Amended Complaint. (ECF No. 23).

2 | On September 14, 2010, Defendant filed an Answer. (ECF No. 24).

3 | On April 29, 2011, Defendant filed a Motion for Summary Judgment, or in the Alternative Summary Adjudication of Issues. (ECF No. 32). Plaintiffs failed to file an opposition to the Motion for Summary Judgment.

On July 26, 2011, the Court issued an Order granting the Motion for Summary Judgment, or in the Alternative Summary Adjudication of Issues. (ECF No. 36). With regard to the due process claim, the Court stated: "Plaintiffs did not file an opposition to the motion for summary judgment, despite an opportunity to do so. Plaintiffs have not shown that there are genuine issues for trial that preclude summary judgment." *Id.* at 6. The Court concluded that the claim for violation of due process was barred. With regard to the equal protection claim, the Court found "that Defendant has carried its burden pursuant to Rule 56 and Plaintiffs have not shown that there are genuine issues for trial that preclude summary judgment." *Id.* at 7. The Court concluded that the claim for deprivation of equal protection was barred.

On July 27, 2011, the Clerk of the Court issued a Judgment against Plaintiffs Andrew Contasti, Annette Contasti, and Joe Hernandez. (ECF No. 37).

On January 24, 2012, Plaintiff Andrew Contasti filed a Motion for Relief from Judgment pursuant to Federal Rule of Civil Procedure 60(b). (ECF No. 45). Plaintiff stated that he was "bringing [the Motion for Relief from Judgment] on behalf of himself and plaintiffs Annette Contasti and Joe Hernandez, in pro se, due to the fact that Mr. Jacobsen [their counsel of record] is incapacitated and cannot prepare this motion nor sign a substitution of attorney at this time." *Id.* at 13. Plaintiff Annette Contasti filed a declaration and a notice of joinder to the Motion for Relief from Judgment. Plaintiff Joe Hernandez filed a declaration and a notice of joinder to the Motion for Relief from Judgment. Plaintiffs Andrew Contasti, Annette Contasti, and Joe Hernandez have also filed consent orders for substitution pursuant to Local Rule 83.3, stating that they will represent themselves in this action.

On February 10, 2012, Defendant filed an Opposition to the Motion for Relief from Judgment. (ECF No. 47). On February 28, 2012, Plaintiffs filed a Supplemental Declaration.

1  (ECF No. 49).

2  **II.     Contentions of the Parties**

3  Plaintiffs seek relief from judgment and request an opportunity to oppose the motion for summary judgment. Plaintiffs contend that counsel's failure to oppose the summary judgment motion was based on excusable neglect because counsel was experiencing severe health issues. Plaintiffs contend that they were unaware that a motion had been filed although they asked for updates about the case from counsel. Plaintiffs contend that their "attorney was apparently out of touch with the proceedings and misled the Plaintiffs into believing that their case was still pending." (ECF No. 45 at 9). Plaintiffs contend that they filed the Motion for Relief from Judgment shortly after they discovered that judgment had been entered. Plaintiffs contend that this case has merit "just as [Plaintiffs] provided a meritorious defense to Defendant's earlier Motion to Dismiss ...." *Id*.

13  Plaintiff Andrew Contasti states that "[o]n April 29, 2011, May 4, 2011, and May 11, 2011, [he] left messages for Mr. Jacobsen [his counsel], to which [he[ received no response." (Decl. Contasti, ECF No. 45 at 12). On May 17, 2011, Plaintiff Contasti spoke to his counsel Mr. Jacobsen. Plaintiff Contasti states that "[o]n May 24, 2011, [he left a voice mail message and a text message for [his counsel] ... [and] again left messages on May 29, 2011, May 31, 2011, June 10, 2011, and June 14, 2011." *Id*. On June 30, 2011, Plaintiff Contasti spoke to his counsel. On July 17, 2011, Plaintiff Contasti spoke to his counsel who "told [Plaintiff Contasti] that everything was fine with the case." *Id.* Plaintiff Contasti states that "[o]n August 15, 2011, [he] left a message for [his counsel]." *Id*. Plaintiff Contasti states that "[o]n December 12, 2011, [he] discovered that the case had been closed." *Id*. Plaintiff Contasti states: "At no time had [Plaintiff] been made aware of the pendency of defendant motion for summary judgment or the fact that no opposition had been filed ...." *Id*.

25  Defendant contends that Plaintiffs were represented by counsel and Plaintiffs' counsel failed to meet the deadline to oppose the summary judgment. Defendant contends that Plaintiffs' counsel filed a declaration in another case indicating that he did not become unavailable until July 4, 2011, after the opposition deadline has passed. Defendant contends

that Plaintiffs' claims are without merit.

**III.   Discussion**

Rule 60(b) provides in relevant part:

> On motion and upon such terms as are just, the court may relieve a party ... from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud ..., misrepresentation, or misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied...; or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b). The burden of proof is on the party bringing the Rule 60(b) motion. *See Rufo v. Inmates of Suffolk County Jail*, 502 U.S. 367, 383 (1992); *see also Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F .3d 1255, 1262 (9th Cir. 1993) (citations omitted).

To justify relief under Rule 60(b)(1), a party must show "excusable neglect." Fed. R. Civ. P. 60(b)(1). "To determine when neglect is excusable, we conduct the equitable analysis ... by examining...: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Lemoge v. U.S.*, 587 F.3d 1188, 1192 (9th Cir. 2009) (quotations and citations omitted).

"As a general rule, parties are bound by the actions of their lawyers, and alleged attorney malpractice does not usually provide a basis to set aside a judgment pursuant to Rule 60(b)(1)." *Casey v. Albertson's Inc.*, 362 F.3d 1254, 1260 (9th Cir. 2004); *see also Allmerica Fin. Life Ins. & Annuity Co. v. Llewellyn*, 139 F.3d 664, 666 (9th Cir. 1997) ("attorney error is insufficient grounds for relief under ... Rule 60(b)(1)"); *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 397 (1993) ("[Parties are] held responsible for the acts and omissions of their chosen counsel"); *Engleson v. Burlington Northern R. Co.*, 972 F.2d 1038, 1043 (9th Cir. 1992) ("Neither ignorance nor carelessness on the part of the litigant or his attorney provide grounds for relief under Rule 60(b)(1).") (internal quotation marks and citation omitted).

However, "[excusable neglect pursuant to Rule 60(b)(1)] covers cases of negligence, carelessness and inadvertent mistake." *See Bateman v. U.S. Postal Service*, 231 F.3d 1220,

1223 (9th Cir. 2000); *see also Minns v. Peake*, Case No. 10–55930, 2012 WL 137394 at *2 (9th Cir. 2012). "The determination of whether neglect is excusable is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Lemoge v. U.S.*, 587 F.3d 1188, 1192 (9th Cir. 2009) (quotation omitted).

"[A]n attorney's gross negligence constitutes ... an extraordinary circumstance [pursuant to Fed. R. Civ. P. 60(b)(6)]." *Lal v. California*, 610 F.3d 518, 524–26 (9th Cir. 2010) (finding extraordinary circumstances to vacate dismissal for failure to prosecute where counsel repeatedly informed the client that he was working on her case although he failed to make initial disclosures, failed to appear at the case management conference, failed to participate in a court ordered conference between the parties, and failed to oppose an order to show cause why the case should not be dismissed for failure to prosecute); *Community Dental Services v. Tani*, 282 F.3d 1164, 1170-71 (9th Cir. 2002) (finding extraordinary circumstances to vacate default judgment where counsel repeatedly informed the client that the case was "proceeding smoothly" although counsel failed to serve the late-filed answer, failed to participate in a court ordered settlement conference, and failed to file a written opposition to the motion to strike the answer and enter default judgment).

In this case, Defendant has failed to show that it will be prejudiced if Plaintiffs are relieved from judgment. Resolution of this case would be delayed if Plaintiffs were granted relief from judgment; however, "[p]rejudice requires greater harm than simply that relief would delay resolution of the case." *Lemoge*, 587 F.3d at 1196; *see also Bateman,* 231 F.3d at 1225.

Judgment was entered on July 26, 2011, and Plaintiffs filed this Motion for Relief from Judgment on January 24, 2012, approximately 6 months later. Plaintiff Contasti states that he did not discover that the case was closed until December 12, 2011. The Court finds that Plaintiffs' delay in seeking relief from judgment was reasonable, which lessens the potential impact on the proceedings. *See Lal*, 610 F.3d at 526-27 (granting relief from judgment after 10 month delay); *Lemoge*, 587 F.3d at 1196 (granting relief from judgment after a 7 month delay).

Plaintiff Contasti states that he was not informed of the Motion for Summary Judgment

1  or of counsel's failure to file an opposition to the Motion although Plaintiff spoke with counsel
2  on May 17, 2011, the day after the opposition was due.  Plaintiff again spoke to his counsel on
3  July 17, 2011, and was told that "everything was fine with the case." (ECF No. 45 at 12).  The
4  Court finds that the reason for Plaintiffs' delay in moving for relief from judgment was based
5  on the failure of counsel to inform his client of the status of the case. *See Lal*, 610 F.3d at
6  524–26; *Community Dental Services*, 282 F.3d at 1170-71.

7  Plaintiffs contend that they have acted in good faith in seeking relief from judgment on
8  the grounds that "[Plaintiffs] provided a meritorious defense to Defendant's earlier Motion to
9  Dismiss ...." (ECF No. 45 at 9).  In ruling on the Motion to Dismiss the Amended Complaint,
10 the Court found that Plaintiffs stated a claim for violation of equal protection and that
11 "Plaintiffs' claim was not adjudicated on the merits in California state court and the dismissal
12 in the state court proceeding does not prevent Plaintiffs from bringing their equal protection
13 claim in this Court." (ECF No. 23 at 10) (citing *Goddard v. Security Title Ins. & Guarantee
14 Co.*, 14 Cal. 2d 47, 53 (1939)).  However, when considering the same issue in ruling on the
15 Motion for Summary Judgment, the Court found "there was judgment on the merits in
16 California state court on the claim for violation of equal protection pursuant to 42 U.S.C. §
17 1983." (ECF No. 36 at 7).  The Court finds that Plaintiffs have a good faith basis for seeking
18 to oppose the motion for summary judgment.

19 After reviewing the record and considering all relevant circumstances, the Court
20 concludes that Plaintiffs have demonstrated excusable neglect and extraordinary circumstances
21 sufficient to warrant relief from judgment.

22 **IV.   Conclusion**

23 IT IS HEREBY ORDERED that the Motion for Relief from Judgment pursuant to
24 Federal Rule of Civil Procedure 60(b) (ECF No. 45) filed by Plaintiffs Andrew Contasti,
25 Annette Contasti, and Joe Hernandez is GRANTED.  The July 26, 2011 Order granting
26 summary judgment (ECF No. 36) and the July 27, 2011 Judgment (ECF No. 37) are
27 VACATED.

28 IT IS FURTHER ORDERED that Plaintiffs Andrew Contasti, Annette Contasti, and Joe

1 Hernandez shall file any opposition to the Motion for Summary Motion for Summary
2 Judgment, or in the Alternative Summary Adjudication of Issues (ECF No. 32) filed by
3 Defendant City of Solana Beach no later than 14 days from the date of this Order.  Defendant
4 City of Solana Beach shall file any reply no later than 21 days from the date of this Order.
5 DATED:  July 9, 2012

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge