UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW CONTASTI; ANNETTE CONTASTI; and JOE HERNANDEZ,<br><br>  Plaintiffs,<br><br>v.<br><br>CITY OF SOLANA BEACH,<br><br>  Defendant. | Case No. 09cv1371-WQH (BLM)<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO DESIGNATE TWO EXPERT WITNESSES, PROPOUND DOCUMENT DEMANDS, AND TAKE UP TO FOUR DEPOSITIONS**<br><br>[ECF No. 80] |

Currently before the Court is Plaintiffs' Motion for Leave to Designate Two Expert Witnesses, Propound Document Demands, and Take up to Four Depositions. ECF No. 80. The Court finds this matter appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); Local Civil Rule 7.1(d)(1). Having found good cause after considering the moving, opposing, and replying papers, the Court **GRANTS** Plaintiffs' Motion for the reasons set forth below.

## BACKGROUND

On January 28, 2010, Plaintiffs filed an amended complaint[1] alleging, inter alia, that Defendant violated their Due Process and Equal Protection rights by denying their

---

[1] Plaintiffs' initial complaint was dismissed by District Judge William Q. Hayes for lack of subject-matter jurisdiction because Plaintiffs failed to plead that their application for a building permit was denied a variance. See ECF No. 9.

1  application for a building permit on one of their two adjacent properties located in the City
2  of Solana Beach. ECF No. 15. On April 29, 2011, Defendant filed a motion for summary
3  judgment against Plaintiffs. ECF No. 32. Plaintiffs' then-attorney, Frederik Jacobsen, failed
4  to file an opposition to the motion. On July 26, 2011, District Judge William Q. Hayes
5  granted the motion for summary judgment against Plaintiffs. ECF No. 36.

6  On January 24, 2012, Plaintiffs filed a motion for relief from judgment stating that
7  their then-attorney, Frederik Jacobsen, had suffered a stroke and failed to apprise Plaintiffs
8  of the status of the case. ECF No. 45 at 8-9. On June 28, 2012, Plaintiffs relieved Frederik
9  Jacobsen as counsel and began representing themselves pro se. ECF Nos. 58-60. On July
10 9, 2012, Judge Hayes granted Plaintiffs' motion for relief from judgment after finding that
11 Plaintiffs had "demonstrated excusable neglect and extraordinary circumstances sufficient
12 to warrant relief from judgment." ECF No. 61 at 6. On July 18, 2012, Plaintiffs retained
13 new counsel and on August 6, 2012, Plaintiffs filed an opposition to Defendant's motion for
14 summary judgment. ECF No. 69. On September 18, 2012, Judge Hayes denied the motion
15 for summary judgment and ordered the parties to contact this Court for a scheduling
16 conference. ECF No. 71. On October 3, 2012, this Court conducted the scheduling
17 conference and after verifying that neither wanted to conduct additional discovery, issued
18 an order directing the parties to file their pretrial conference order no later than January 4,
19 2013, and setting the final pretrial conference before District Judge Hayes on January 11,
20 2013. ECF No. 73.

21 In their current briefing, Plaintiffs assert that after defeating Defendant's motion for
22 summary judgment, Plaintiffs ran out of money and could not afford to pay their counsel
23 to designate expert witnesses, conduct discovery, or take the case to trial. ECF No. 80,
24 Decl. Andrew Contasti at ¶ 13. Consequently, Plaintiffs were forced to find an attorney who
25 would take the case on a contingency basis. Id. at ¶ 14. On December 7, 2012, Plaintiffs
26 retained their current counsel. ECF No. 77.

27 On December 21, 2012, Plaintiffs filed the Motion currently before the Court. ECF
28 No. 80. On January 9, 2013, Defendant filed an opposition. ECF No. 85. Plaintiffs filed a

reply on January 16, 2013. ECF No. 86.

## DISCUSSION

Plaintiffs' instant motion seeks leave to "designate appraiser Robert Backer and Andrew Contasti as expert witnesses, to propound one set of document demands on Defendant City of Solana Beach[], to depose up to three percipient witnesses, and to depose Defendant's rebuttal appraisal expert Gary L. Rasmuson." ECF No. 80 at 2. Plaintiffs contend that "this motion is based on the same 'excusable neglect and extraordinary circumstances' that District Judge Hayes found in granting Plaintiffs relief from judgment." Id. Specifically, Plaintiffs claim that their former attorney, Frederik Jacobsen, failed to designate any expert witnesses or take any discovery prior to the discovery cutoff date because he was incapacitated by a serious illness. ECF No. 80 at 2. Plaintiffs further contend that Defendant will not be prejudiced by the relief sought because Defendant was made aware of Plaintiffs' intention to "designate Mr. Backer and Mr. Contasti as witnesses, to take the deposition of Defendant's employees, and to propound written discovery requests." Id. at 3; Decl. Fred Jacobsen at 5; Ex. A, Joint Discovery Plan at 2-3.

In its opposition, Defendant argues that (1) Plaintiffs should have completed all discovery prior to the April 29, 2011 discovery cutoff date; (2) Plaintiffs conducted all necessary discovery during the state court litigation; and (3) Plaintiffs "fail to indicate what information they are seeking and what expert testimony is need (sic) to prepare for trial." ECF No. 85 at 2. However, Defendant fails to identify any specific prejudice Defendant will incur if Plaintiffs are permitted to engage in the limited discovery identified in Plaintiffs' pleadings.

In their reply brief, Plaintiffs contend that no discovery was taken during the state court litigation because it was a writ of mandate action which involved only the underlying administrative record.[2] ECF No. 86 at 2. Plaintiffs also identified the three percipient witnesses they wish to depose and the subject matter of the requests for documents.

---

[2] Plaintiffs provided the Court with several emails which show that Defendant acknowledged that Plaintiffs did not take any discovery during the state court litigation. See ECF No. 86, Ex. H at 2.

1  Id. at 4.  Plaintiffs further contend that Defendant has failed to show any prejudice.
2  Id. at 5.
3     A case management schedule may be modified only for good cause and with the
4  judge's consent. Fed.R.Civ.P. 16(b)(4). "The district court may modify the pretrial schedule
5  'if it cannot reasonably be met despite the diligence of the party seeking the extension."
6  Johnson v. Mammoth Recreations, Inc., 975 F.2d 604 (9th Cir. 1992) (citing Fed.R.Civ.P 16
7  advisory committee's notes (1983 amendment)).  "Although the existence or degree of
8  prejudice to the party opposing the modification might supply additional reasons to deny
9  a motion, the focus of the inquiry is upon the moving party's reasons for seeking
10 modification." Id. at 609.
11    In this case, Plaintiffs' former counsel fell gravely ill, failed to conduct any discovery,
12 and failed to apprise his clients of the status of the case. ECF No. 80, Decl. Fred Jacobsen
13 at ¶ 3-7. Plaintiffs' current counsel waited only two weeks after substituting into the case
14 before filing the instant motion to correct the mistakes made by Plaintiffs' former counsel.
15 In addition, other than stating that "this case has been pending long enough," Defendant
16 fails to specify any prejudice it will suffer from a short delay in the trial. ECF No. 85 at 3.
17    Having considered the arguments presented by both parties, this Court finds that
18 Plaintiffs have attempted to diligently pursue their case and the errors made by Plaintiffs'
19 former counsel were the product of "excusable neglect and extraordinary circumstances."
20 Accordingly, the Court finds good cause to give Plaintiffs some additional time to conduct
21 the requested and limited discovery and, therefore, **GRANTS** Plaintiffs' motion.
22    On January 23, 2013, the Court conducted a telephonic Case Management
23 Conference ("TCMC") with counsel to discuss the time required to conduct the requested
24 discovery and whether Defendant anticipated conducting any additional discovery in
25 response to Plaintiffs' requested discovery.  Based upon the parties' responses, the Court
26 modifies the Case Management Schedule as follows:
27    1.   Plaintiffs may request the documents identified in their reply and the request
28 must be served on Defendant no later than **January 28, 2013**.

2. Plaintiffs may designate Robert Backer and Andrew Contasti as expert witnesses. Plaintiffs must serve on Defendant the reports and other information required by Fed. R. Civ. P. 26(a)(2) no later than **February 8, 2013**.

3. Plaintiffs may depose David Ott, Russell Hunt, and Defendant's expert(s). Plaintiffs also may depose one additional person. All of the non-expert depositions must be completed by **March 15, 2013**.

4. During the TCMC, Defendant advised the Court that Defendant had not decided whether to use its previously designated expert and/or to designate a new expert or experts. By **March 1, 2013**, Defendant must serve on Plaintiffs its expert designations and the information and reports required by Fed. R. Civ. P. 26(a)(2).

5. All expert depositions must be completed by **March 29, 2013**.

6. If Defendant wishes to conduct any additional discovery, the discovery must be completed by **March 29, 2013**.

7. If Defendant wishes to file an additional dispositive motion, it must first file for leave with the District Court no later than **April 12, 2013**.

8. The parties must comply with the pretrial disclosure requirements of Fed. R. Civ. P. 26(a)(3) no later than **April 26, 2013**. The parties should consult Fed. R. Civ. P. 26(a)(3) for the substance of the required disclosures.

9. Counsel shall confer and take the action required by Local Rule 16.1(f)(4) on or before **May 3, 2013**. At this meeting, counsel shall discuss and attempt to enter into stipulations and agreements resulting in simplification of the triable issues. Counsel shall exchange copies and/or display all exhibits other than those to be used for impeachment, lists of witnesses and their addresses including experts who will be called to testify, and written contentions of applicable facts and law. The exhibits shall be prepared in accordance with Local Rule 16.1(f)(2)(c). Counsel shall cooperate in the preparation of the proposed final pretrial conference order.

10. The proposed final pretrial conference order, including written objections, if any, to any party's Fed. R. Civ. P. 26(a)(3) pretrial disclosures, shall be served on opposing

counsel and lodged directly with District Judge Hayes' chambers on or before **May 17, 2013** and shall be in the form prescribed in and in compliance with Local Rule 16.1(f)(6). Any objections shall comply with the requirements of Fed. R. Civ. P. 26(a)(3). **Please be advised that the failure to file written objections to a party's pretrial disclosures may result in the waiver of such objections, with the exception of those made pursuant to Rules 402 (relevance) and 403 (prejudice, confusion or waste of time) of the Federal Rules of Evidence.**

11. The final pretrial conference is scheduled on the calendar of the Honorable William Q. Hayes on **May 24, 2013** at **11:00 a.m.** at 333 West Broadway, Courtroom 14B, San Diego, CA 92101. The trial date will be assigned by Judge Hayes at the pretrial conference.

**IT IS SO ORDERED.**

DATED: January 24, 2013

BARBARA L. MAJOR
United States Magistrate Judge