1
2
3
4
5
6
7
8                    **UNITED STATES DISTRICT COURT**
9                    **SOUTHERN DISTRICT OF CALIFORNIA**
10

11  ANDREW CONTASTI, an individual;          CASE NO. 09CV1371 WQH (BLM)
    ANNETTE CONTASTI, an
12  individual; and JOE HERNANDEZ,           ORDER
    an individual,
13
                            Plaintiffs,
14           vs.
15  CITY OF SOLANA BEACH,
16                          Defendant.
17  HAYES, Judge:

18         The matter before the Court is the Motion for Attorney's Fees filed by Defendant
    City of Solana Beach.  (ECF No. 149).
19
                                    **BACKGROUND**
20
21         On January 28, 2010, Plaintiffs Andrew Contasti, Annette Contasti, and Joe
    Hernandez ("Plaintiffs") filed the First Amended Complaint ("Complaint"), alleging
22
    two claims for relief against Defendant based upon the decision of the City Council to
23
24  deny Plaintiffs' application for a development review permit for Lot 10 located at 360
    North Granados Avenue in the City of Solana Beach.  (ECF No. 15).
25
26         On April 29, 2011, Defendant filed a Motion for Summary Judgment, or in the
    alternative, Summary Adjudication of Issues ("Motion for Summary Judgment").  (ECF
27
    No. 32).  On July 26, 2011, the Court issued an Order granting the Motion for Summary
28
    Judgment, or in the alternative, Summary Adjudication of Issues.  (ECF No. 36).

On July 27, 2011, the Clerk of the Court issued a Judgment against Plaintiffs. (ECF No. 37).

On January 24, 2012,  Plaintiff Andrew Contasti filed a Motion for Relief from Judgment pursuant to Federal Rule of Civil Procedure 60(b).  (ECF No. 45).

On July 9, 2012,  the Court issued an Order granting the Motion for Relief from Judgment finding that Plaintiffs had demonstrated excusable neglect and extraordinary circumstances sufficient to warrant relief.  (ECF No. 61).

On August 6, 2012, Plaintiffs filed an opposition to Defendant's Motion for Summary Judgment. (ECF No. 69). On September 18, 2012, the Court denied Defendant's Motion for Summary Judgment in its entirety, finding that "there [was] a triable issue of fact to whether the Defendant's alleged justification for denying Plaintiffs' application was 'based on improper motive' and served as a 'pretext for differential treatment.'"  (ECF No. 71 at 16).

On May 24, 2013, the Court issued an Order denying Defendant's Motion for Leave to File Second Summary Judgment Motion.  (ECF No. 96).

The parties subsequently filed motions in limine and on September 6, 2013, the Court held a hearing on the motions in limine.  (ECF No. 139).  On October 22, 2013, the Court issued an order granting Defendant's motion in limine to preclude evidence, testimony, or argument in relation to violation of substantive due process.  (ECF No. 141). The Court found that "the undisputed facts and applicable law establish[ed] that Plaintiffs [did not] establish a protected property interest required in order to prevail on the claim for deprivation of substantive due process." *Id*. at 15.  Both parties subsequently filed supplemental briefings.  (ECF Nos. 142 and 143).

On January 6, 2014, the Court issued an order granting Defendant's motion in limine to preclude any evidence, testimony, or argument relating to violations of right to equal protection and procedural due process.  (ECF No. 145).  The Court denied all pending motions as moot.  The Court entered judgment for Defendant on both claims and closed the case.

On January 16, 2014, Defendant filed a Motion for Attorney's Fees. (ECF No. 149). Defendant moves for an award of $109,101.25 in attorney's fees, $3,906.01 in costs, and $4,656.53 in additional recoverable costs, pursuant to 42 U.S.C. § 1988(b) and 42 U.S.C. § 1983. Defendant contends Plaintiffs pursued "frivolous claims ... and raised numerous unsupported legal theories and factual contentions." *Id.* at 1. Defendant contends:

> Similar to *Saman v. Robbins*, 173 F.3d 1150 (9th Cir. 1999) (attorney's fees awarded to a defendant who prevailed over a claim lacking factual support), and *Fellowship v. Baptist Church, et al. v. Benton, et al.*, 815 F.2d 485 (8th Cir. 1986) (attorney's fees awarded to a defendant who prevailed over claim that presented issues rejected in numerous courts) ... [P]laintiffs' claims were groundless because they always lacked any factual or legal basis.

*Id.* at 6-7. Defendant contends that, "as revealed by the Court's ruling on the motion in limine, [P]laintiffs' claims were baseless from the outset." *Id.* at 8. Defendant contends that Plaintiffs acted in bad faith as "the filing and prosecution of this merit lawsuit clearly reflect[ed] a 'state of mind affirmatively operating with ... ill will.'" *Id.* at 9 (citing *United States v. Manchester Farming Partnership*, 315 F.3d 1176, 1185 (9th Cir. 2003)). Defendant contends that, "a review of the bills generated for this case, as well as the Court's own knowledge about the case and the efforts of defense counsel, will reveal that the work done ... by the City ... was both reasonable and necessary in order to defend this action." *Id.* at 12.

On February 4, 2014, Plaintiffs filed an opposition to Defendant's Motion for Attorney's Fees. (ECF No. 150). Plaintiffs contend that, " ... [Defendant] withheld the 'protected property interest' argument until the eve of trial in a deliberate attempt to increase the fees that it could charge Plaintiffs." *Id.* at 1. Plaintiffs contend:

> [The] FAC cannot be considered frivolous, because the Court denied Defendant's Motion to Dismiss the FAC in its entirety (ECF No. 23). [The Court also] denied [Defendant's] motion for summary judgment, finding triable issues of fact on Plaintiffs' due process and equal protection claims (ECF No. 71). ... The Court concluded that there is a triable issue of fact as to whether the Defendant's alleged justification for denying Plaintiff's application was 'based on an improper motive' and served as a 'pretext for differential treatment'.

*Id.* at 6.  "Because Plaintiffs' case was far from frivolous, and because [Defendant] utterly failed to mitigate its fees, [Defendant's] [M]otion for [A]ttorney's [F]ees deserves to be denied in its entirety."  *Id.* at 1.

On February 11, 2014, Defendant filed a reply in support of the Motion for Attorney's Fees.  (ECF No. 157).

## RULING OF THE COURT

42 U.S.C. § 1988(b) provides that in any action brought under 42 U.S.C. § 1983 "the Court, in its discretion, may allow the prevailing party, other than the United States, reasonable attorney's fees as part of the costs...." 42 U.S.C. § 1988(b). A district court may award attorney's fees to a prevailing § 1983 defendant only when the claim brought is found to be "frivolous, unreasonable, or groundless" or when "the plaintiff continued to litigate after it clearly became so." *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 422 (1978). The plaintiff's action must be meritless in the sense that it is groundless or without foundation; the fact that plaintiff may ultimately lose his case is not in itself justification for a fee award.  *Hughes v. Rowe*, 449 U.S. 5, 14 (1980).

Almost four years passed in this case between the filing of the Complaint and the filing of Defendant's Motion in Limine, which first raised the issue upon which the Defendant ultimately prevailed.[1] Defendant failed to raise the issue upon which Defendant now relies to support its claim that this action was groundless until the eve of trial. Under the facts of this case, the Court finds that Defendant is not entitled to attorney's fees on the grounds that Plaintiffs' claim was "frivolous, unreasonable, or groundless."  *Christiansburg*, 434 U.S. at 412.

//

//

## CONCLUSION

---

[1] Plaintiffs filed the original complaint on June 5, 2009.  (ECF No. 1).  Defendant filed the Motion in Limine to Preclude Evidence, Testimony or Argument Relating to Violation of Substantive Due Process on August 5, 2013.  (ECF No. 108).

1       IT IS HEREBY ORDERED that Defendant's Motion for Attorney's Fees is

2  DENIED.  (ECF No. 149).

3  DATED:  April 17, 2014

4                                   **WILLIAM Q. HAYES**

5                                   United States District Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

09cv1371 WQH